ED. BEARD v. THE STATE.

No. 8809.   Delivered May 13, 1925.

Motion for rehearing withdrawn June 8, 1925.

1.—Murder—Bills of Exception—Question and Answer Form—Not Considered.

Appellant's bill of exception No. one is in question and answer form and under our statute, and the uniform holdings of this court for long years, cannot be considered.

2.—Same—Evidence—Statements of Defendant—Properly Admitted.

Where on a trial for murder, the defense being predicated on the theory that the homicide grew out of illicit relations of deceased with appellant's wife, testimony of statements made by appellant after the killing that he knew his wife had not done anything improper, nor had any improper relations with deceased, were properly admitted.

3.—Same—Evidence—Properly Admitted.

Where appellant sought to show by the father of appellant's wife, that he had coerced, or intimidated his daughter the wife of appellant, and also appellant's counsel it was not improper to permit the state to show by said witness that he had no objections to his daughter testifying, and did not have any at the former trial.

4.—Same—Witness Under Rule—Discretion of Court.

Where witnesses are placed under the rule it is within the sound discretion of the trial court to permit a witness who has heard part of another witnesses testimony, foreign to his testimony, to testify. In the absence of injury shown the action of the trial court is within his discretion.

5.—Same—Special Charge—Covered by Main Charge—Properly Refused.

Where a special charge requested is fully covered by the main charge of the court, such special charge is properly refused.

**6.—Same—Charge of Court—Wife's Failure to Testify—Properly Refused.**

There was no error in the refusal of the court to charge the jury not to consider the failure of appellant's wife to testify. It has frequently been held by this court that the state is well within its rights in commenting on the appellant's failure to introduce his wife as a witness where the facts show she would be expected to know matters material to his defense.

**7.—Same—Special Charge Requested—Issue Not Raised—Properly Refused.**

Where there was no evidence of any insulting words by deceased toward appellant's wife, the court properly refused a special charge requested by appellant on that issue.

ON REHEARING.

**8.—Same—Motion for Rehearing—Withdrawn.**

On May 26th appellant filed his motion for rehearing. On June 8th he filed herein a motion properly verified to withdraw his motion for rehearing, which is now granted, and mandate ordered to be issued.

Appeal from the District Court of Milam County. Tried below before the Hon. John Watson, Judge.

Appeal from a conviction of murder; penalty, five years in the penitentiary.

The opinion states the case.

*Chambers, Wallace & Gillis,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Milam County for the offense of murder and his punishment assessed at confinement in the penitentiary for a term of five years.

Appellant and deceased were first cousins. Appellant is a married man about thirty-three (33) years of age and deceased was a single man about the age of twenty-three years. The killing grew out of what the appellant claimed was alleged improper relations between deceased and the wife of appellant. The parties were all together at church on Sunday about twelve o'clock and there they had a conversation, and a short time thereafter on the same afternoon, appellant went to the home of an uncle where deceased was stopping, and went in a room with deceased and shot him some six or eight times, killing him instantly.

Defendant's bill of exception No. One, is in question and answer form and cannot be considered. We may say in passing, however, that the bill as explained by the trial court shows no error.

Bill No. Two complains that the action of the court in permitting the witness, Parton, to testify to the effect that appellant told him after the examining trial that he knew that his wife and the deceased had never been intimate with one another, was error. Said bill

also complains of the court's action in permitting the witness to state that at another time, after the killing, appellant told him that he knew his wife had not done anything improper. The court explains this by saying that appellant while on the stand in his own behalf testified that at the time he killed the deceased, he knew the deceased had been guilty of illicit relations with his wife, and cited that as the reason for the killing, and that he still had such belief; and that the testimony was further admitted because the defendant had testified on cross-examination that he had never told Parton, his father-in-law, that he believed his wife was innocent of any improper relation with deceased. This testimony was clearly admissible. When the appellant testifies that the killing occurred because of what he believed to be improper relations between his wife and the deceased, it is pertinent for the State to combat this theory with any testimony that will show the falsity of such theory. And it was certainly pertinent in this connection for the State to show that after the killing appellant had made statements to the effect that he did not believe that his wife had indulged in any such improper relations.

By bill No. Three, appellant complains of the court's action in permitting the witness Parton, the father of appellant's wife, to testify that he had no objections to his daughter testifying, and did not have any at the other trial. The court qualifies this bill by stating that the State on direct examination of this witness had not asked any questions or in any wise gone into this matter, but that on cross-examination counsel for appellant asked the witness a number of questions about an alleged controversy between himself and wife of appellant and counsel of appellant, occurring in counsel's office at the time of the first trial, and that there was some dispute between counsel for appellant and witness as to what actually occurred, it having been sought to be shown that the witness had intimidated or sought to intimidate his daughter, appellant's wife, and also appellant's counsel, so as to prevent her from testifying. Under this qualification, this testimony was clearly admissible.

By bill of exception No. Four, appellant complains of the court's action in permitting the witness Terry to testify for the State because the rule had been invoked and after said witness had been placed under the rule, he remained in the courthouse while part of the testimony in the case was taken. This was largely a matter of discretion with the trial court and in view of the fact that the witness only heard a part of the testimony of one of the State's witnesses, and of the further fact that this testimony pertained to a matter entirely separate and apart from that about which the witness testified, we do not think the court abused his discretion in permitting the witness to testify.

100 Tex. Crim.—27.

Bill of exception No. Five complains of the court's action in permitting the witness Terry to testify concerning statements made to him by appellant after the examining trial and while he was under bond, to the effect that his wife in his opinion had done no wrong. This testimony was admissible for the purpose of contradicting appellant's theory that he killed deceased because he believed that he had been indulging in improper conduct with appellant's wife. And appellant's objection that it was not upon any issue of the case, and that it was immaterial, irrelevant and highly prejudicial because it attempted to prove matters and facts which came into existence after the offense charged in the indictment, and which did not relate to the offense in any legal way, cannot be sustained.

Appellant also complains of the court's action in refusing his special charge No. One. There was no error in this, in view of paragraph 14 of the court's main charge, which covered the same question.

By special charges Nos. 2 and 3, appellant sought to have the jury charged that they could not consider defendant's failure to use his wife as a witness. These charges were properly refused. While it is true, that independent acts and declarations of the wife are not admissible against the defendant when she does not testify, yet the court would not be authorized to instruct the jury with reference to the wife's failure to testify in a charge of this character. It has frequently been held by this court that the State is well within its rights in commenting on the appellant's failure to introduce his wife as a witness where the facts show that she would be expected to know matters material to his defense.

Special charge No. Four, sought to have the jury instructed to disregard the evidence of the witness Parton to the effect that appellant's wife had the permission of the witness to testify. This charge was properly refused for the reasons stated in our discussion of appellant's bill of exception No. 3.

There was no error in refusing appellant's special charge No. Five, which sought to have the jury instructed that the conduct of deceased might be "insulting words or conduct" as that term is used in the charge, even though the jury might believe that such conduct was not insulting to the wife. This issue was not raised by the testimony. Appellant's wife did not testify in the case and there was no testimony in the record raising the issue sought to be submitted by this charge.

Special charge No. Six was fully covered by the court's main charge.

We have carefully considered every assignment raised by appellant and it is our opinion that no reversible error is shown in the

entire record. It is therefore our judgment that the case should in all things be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

APPELLANT'S MOTION TO WITHDRAW MOTION FOR REHEARING.

BERRY, JUDGE.—On May 26 appellant filed his motion for a rehearing. On June 8, appellant filed herein his motion to withdraw his motion for a rehearing. The last motion is sworn to by the appellant in person and is signed by him and his attorneys.

The motion to withdraw appellant's motion for a rehearing is granted and the Clerk of this Court is hereby directed to issue mandate as the original opinion of affirmance in this case.

*Motion granted.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.